# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:19-cv-00689-MR

| | |
|---|---|
| TREY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU GOSNELL, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Amended

Complaint [Doc. 16].[1]  Plaintiff is proceeding *in forma pauperis*.  [Doc. 12].

## I.    BACKGROUND

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42

U.S.C. § 1983, complaining about incidents that allegedly occurred when he

was a pretrial detainee at the Gaston County Jail.  He names as Defendants:

the Gaston County Sheriff's Department; Allen Cloninger, the Gaston County

Sheriff; and the following Gaston County Sheriff Department employees:

---

[1] The Complaint was filed on December 9, 2019.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).  Plaintiff filed the Amended Complaint before the Complaint was screened for frivolity.

Deputy Gosnell, Deputy Grousch, Deputy Gomez, Deputy Byerly, Deputy Thompson, Captain Maxwell, and Sergeant Morehouse.

Plaintiff alleges that he was a pretrial detainee on 23-hour solitary confinement when Officer Reynolds[2] turned off the telephone during Plaintiff's recreation time on December 18, 2016. Plaintiff alleges that he asked to speak to the sergeant on duty and voluntarily returned to his cell at Officer Reynolds' request but was nevertheless told that he would receive disciplinary sanctions for refusing to lock down. Plaintiff alleges that he again asked to speak to the sergeant but Officer Reynolds refused and continued to antagonize him.

Plaintiff alleges that Sergeant Stewart[3] and Defendants Grousch, Gomez, Gosnell, Byerly and Morehouse later came to Plaintiff's cell where they found water coming from underneath the door. Officers shut off the water supply, secured Plaintiff, and entered Plaintiff's cell where Defendants Gosnell and Byerly restrained Plaintiff, and Defendant Gomez punched Plaintiff repeatedly although Plaintiff was not resisting. Plaintiff alleges that, when he attempted to pull his arms free to shield himself, Defendants Gosnell, Byerly, and others struck Plaintiff with fists and knees. Plaintiff was

---

[2] Officer Rreynolds is not named as a Defendant.

[3] Sergeant Stewart is not named as a Defendant.

eventually handcuffed and led out of the cell when Defendant Gomez hit him repeatedly with a closed fist.

Plaintiff alleges that he was being escorted down a corridor when he stopped and attempted to speak with Defendant Morehouse, who was behind him. Plaintiff alleges that Defendant Morehouse tackled, struck, and choked Plaintiff until Morehouse was restrained by other officers. Plaintiff alleges that he was handcuffed and placed in a holding cell and that he again asked to speak to the captain.

Plaintiff alleges that Defendants Grousch and Thompson entered the cell and again assaulted him. Plaintiff alleges that he began kicking the cell door and requesting to speak to superior officers when Defendants Maxwell arrived and ordered that Plaintiff be placed in a restraint chair. Defendant Grousch allegedly entered the cell, choked the restrained Plaintiff, and placed Plaintiff in a restraint chair. Plaintiff "bucked" and Defendant Grousch repeatedly punched Plaintiff's face while Plaintiff was partially restrained. [Doc. 16 at 18]. Plaintiff alleges that Defendants Maxwell and Thompson joined Grousch in punching Plaintiff and that Maxwell eventually restrained Grousch.

Plaintiff alleges that he was left in the restraint chair in a corridor where he suffered several seizures, became unresponsive, and was provided no

3

medical attention. Plaintiff alleges that unnamed officers came to check him hours later, said that Plaintiff was "faking it," and left him in the restraint chair without medical attention. [Doc. 16 at 19]. Plaintiff alleges that unnamed officers came to check on him a second time hours later, found Plaintiff unresponsive, removed him from the restraint chair, and left him on the floor of a holding cell.

Plaintiff alleges that officers from the next shift found Plaintiff unresponsive in the cell and summoned medical staff. Plaintiff was taken to the local hospital where he was given an MRI and x-rays and was told that he had a broken nose.

Plaintiff alleges that he was returned to the Jail on 23-hour lockdown solitary confinement with the loss of canteen and phone privileges. He alleges that he remained at the Jail on 23-hour lockdown for the next 13 months, with frequent stints of 71-hour lockdown solitary confinement, as a result of the December 18 incident.

As injury, Plaintiff alleges that he had major swelling of the face and head, abrasions and contusions, several seizures, and a concussion with temporary fits of paralysis. He seeks $12,000,000 in compensatory and punitive damages.

4

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

Pretrial detainees are protected from the use of excessive force by the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 n.10

(1989) ("protects a pretrial detainee from the use of excessive force that amounts to punishment."). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015).

Plaintiff has stated plausible claims for the use of excessive force against Defendants Byerly, Gomez, Gosnell, Grousch, Maxwell, Morehouse, and Thompson, and such claims appear to be timely.

The Amended Complaint further alludes to the denial of adequate medical care, the imposition of unwarranted disciplinary charges, and the conditions of his solitary confinement. However, these claims are too vague and conclusory to proceed in that Plaintiff has failed to identify the individual(s) against whom he intended to assert such claims or adequately describe how his constitutional rights were allegedly violated. See generally Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Therefore, these claims will be dismissed without prejudice.

Plaintiff names the Gaston County Sheriff's Department as a Defendant. "Under North Carolina law, police departments cannot be sued as entities." Smith v. Mundy, 848 F.3d 248, 256-57 (4th Cir. 2017) (citing Ostwalt v. Charlotte-Mecklenburg Bd. of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008)); see, e.g., Wesley v. Charlotte-Mecklenburg County Police Dep't, 2020 WL 5822216 (W.D.N.C. Sept. 20, 2020) (dismissing claims against Charlotte-Mecklenburg Police Department, Mecklenburg County Sheriff's Office, and Mecklenburg County Jail because these entities lack the legal capacity to be sued). Plaintiff's claims against the Gaston County Sheriff's Department will therefore be dismissed.

Plaintiff has also named Sheriff Cloninger as a Defendant. However, Plaintiff has failed to allege that Sheriff Cloninger had any personal involvement in the incidents at issue and thus failed to state a claim against Cloninger in his individual capacity. See generally Kentucky v. Graham, 473 U.S. 159, 166 (1985) (for personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."). Nor has Plaintiff alleged that a policy or custom was a moving force behind the alleged violation of federal law or that Cloninger tacitly approved of, or was deliberately indifferent to, his subordinates' allegedly unconstitutional conduct. See generally King v. Rubenstein, 825 F.3d 206,

223–24 (4th Cir. 2016) (discussing supervisory and official-capacity liability). Plaintiff has failed to state a plausible claim against Defendant Cloninger under any theory, and therefore, the claims against him will be dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's claims for the alleged use of excessive force against Defendants Byerly, Gosnell, Grousch, Gomez, Thompson, Maxwell, and Morehouse survive initial review under 28 U.S.C. § 1915(e)(2) as they are not clearly frivolous.  The claims against the Gaston County Sheriff's Department will be dismissed with prejudice.  The remaining claims will be dismissed without prejudice.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted.  Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, Defendant Cloninger will be dismissed from this case without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

8

(1) The excessive force claims against Defendants Byerly, Gosnell, Grousch, Gomez, Thompson, Maxwell, and Morehouse have passed initial review;

(2) The claims against the Gaston County Sheriff's Department will be dismissed with prejudice;

(3) The remaining claims are dismissed without prejudice for failure to state a claim upon which relief can be granted; and

(4) The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, Defendant Cloninger will be dismissed from this case without further notice to Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED.**

Signed: January 25, 2021

Martin Reidinger
Chief United States District Judge